**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Manuel Acosta,<br>Individually, and on behalf of all others similarly situated,<br><br>                                  Plaintiff,<br>       -v-<br><br>National Facilities Maintenance LLC,<br>Sani-Environmental Services Corp.,<br>Jack Freud, and<br>Solomon Freud,<br><br>                                  Defendants. | **Civ. Action #:**<br><br>**Complaint**<br><br><br>**Jury Trial Demanded** |

   Plaintiff Manuel Acosta ("Plaintiff" or "Acosta"), on behalf of himself and all others similarly situated, by Abdul Hassan Law Group, PLLC, his attorneys, complaining of Defendants National Facilities Maintenance LLC, Sani-Environmental Services Corp., Jack Freud, and Solomon Freud (collectively "Defendants"), respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly situated current and former employees who worked for the Defendants, individually and/or jointly, and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff complains on behalf of himself and a class of other similarly situated current and former hourly employees who worked for the Defendants, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) is entitled to maximum liquidated

damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff and the class members are also entitled to compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages and/or interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff is also entitled to recover his unpaid overtime and non-overtime wages, minimum wages, spread of hours wages, and unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, is also entitled to maximum liquidated damages and/or interest, including maximum liquidated damages on all wages paid later than weekly, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

8. Plaintiff Manuel Acosta ("Plaintiff" or "Acosta") is an adult, over eighteen years old, who currently resides in Richmond County in the State of New York.

9. Upon information and belief and all times relevant herein, Defendant National Facilities

Maintenance LLC ("NFM") was a New York for-profit limited liability entity.

10. Upon information and belief, and at all times relevant herein, Defendant Sani-Environmental Services Corp. ("Sani Environmental") was a New York for-profit corporation.

11. Upon information and belief and at all times relevant herein, Defendants NFM and Sani Environmental were owned/controlled/managed by Defendants Jack Freud ("Jack") and Solomon Freud ("Solomon") who were in charge of the operations and management of NFM and Sani Environmental – Defendants individually, and/or jointly operated their business under NFM and Sani Environmental and used these names interchangeably.

12. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly, controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

13. Upon information and belief, Defendants shared a place of business in Nassau County, New York, at 759 Caldwell Avenue, Valley Stream, NY 11581, NY where Plaintiff was employed.

14. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

15. Upon information and belief, and at all relevant times herein, Defendants were engaged in the cleaning business in the New York tri-state area – Defendants would go out to customers locations and perform cleaning services including the cleaning of chutes.

16. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly, employed about 15-20 employees at any given time.

3

17. Plaintiff was employed by Defendants, individually and/or jointly, from in or around October 2017 until in or around March 2018.

18. At all times relevant herein, Defendants, individually and/or jointly, employed Plaintiff as a cleaner performing all duties within this capacity including cleaning garbage chutes, rooftops etc.

19. At all times relevant herein, Plaintiff was paid at a regular rate of $11 an hour.

20. At all times relevant herein, and throughout the period Plaintiff was employed by Defendants, Plaintiff worked 45-50 hours or more a week for Defendants – 5 days a week; up to 12 hours a day sometimes.

21. At all times relevant herein, Plaintiff was paid at his straight regular rate for all hours worked including his overtime hours (hours over 40 in a week), for each week during his employment with Defendants. For example, for the weekly pay period ending December 16, 2017, Plaintiff worked 51 hours and was paid at his straight regular rate of $11 for each and all of these 51 hours worked. This example is reflective of Defendants' payment pattern throughout Plaintiff's employment with them.

22. At all times relevant herein, Plaintiff and the putative class members were not paid at a rate of at least 1.5 times their regular rate for overtime hours worked (hours over 40 in a week).

23. At all times relevant herein, Plaintiff worked a spread of hours of more than 10 hours a day, for about 2 days a week during his employment with Defendants – Plaintiff worked up to 12 hours a day, during his employment with Defendants.

24. At all times relevant herein, Plaintiff was not paid at a rate of at least 1.5 times his regular rate for each and all hours worked in a week, for each week during his employment with Defendants.

25. Upon information and belief, Plaintiff was not paid any wages for hours worked during the

last three weeks of his employment with Defendants and Defendants have continuously refused to pay Plaintiff his owed wages for such worked time in violation of Article 6 of the New York Labor Law.

26. At all times relevant herein, Defendants failed to pay Plaintiff at a rate of at least the federal and NYS applicable minimum wage rate for each and all hours worked in a week, for each week during his employment with Defendants as explained above in paragraph 25.

27. A more precise statement of the hours and wages will be made when Plaintiff Acosta obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

28. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

29. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff did not receive a wage statement reflecting the hours worked in each week during his employment with Defendants and the wage statements provided to Plaintiff and the class did not contain all rates of pay including overtime rates of pay, among other deficiencies.

30. Plaintiff incorporates herein, <u>accurate</u> records of his time, wages and employment that Defendants were required to keep pursuant to the FLSA and NYLL.

31. Upon information and belief, and at all times relevant herein, Defendants had revenues and/or transacted business in an amount exceeding $500,000 annually.

32. At all times applicable herein, defendants conducted business with vendors and other businesses outside the State of New York.

33. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of cleaning equipment and supplies.

34. Defendants as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

35. Defendants as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

36. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

37. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

38. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

39. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

40. "Plaintiff" as used in this complaint refers to the named Plaintiff.

41. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

42. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b) and incorporates by reference the allegations in paragraphs 1 through 41 above as if set forth fully and at length herein.

43. The named Plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

44. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

45. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former employees of Defendants, and who 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

46. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over 40 members of the class during the class period.

47. The class definition will be refined as is necessary, including after discovery if necessary.

48. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendants within the meaning of the FLSA – 29 U.S.C 201 et Seq.

49. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendants constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

50. Upon information and belief and at all times relevant herein, Defendants transacted

commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

51. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff, and all those similarly similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

52. Due to Defendants' FLSA violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendants, their unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid OT)**

53. Plaintiff alleges on behalf of himself and all others similarly situated as class members and incorporates by reference the allegations in paragraphs 1 through 52 above as if set forth fully and at length herein.

**CLASS ALLEGATIONS**

54. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

55. The class of similarly-situated individuals as to the overtime cause of action under the NYLL is defined as current and former hourly employees of Defendants, and who: 1) were employed by Defendants within the State of New York; 2) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 4) not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

56. The class definition will be refined as is necessary, including after discovery if necessary.

57. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over 60 members of the class during the class period.

58. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

59. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times the applicable regular rate for all hours in excess of forty in a week.

60. Upon information and belief, the claims of the representative party are typical of the claims of the class.

61. The representative party will fairly and adequately protect the interests of the class.

62. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

63. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) Whether, Defendants failed and/or refused to pay the Plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

64. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual

Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants and in light of the large number of putative class members.

65. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

66. At all times relevant herein, Defendants failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

**Relief Demanded**

67. Due to Defendant's NYLL overtime violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendants, their unpaid overtime wage compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**
**NYLL § 190, 191, 193, 195 and 198**

68. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 67 above with the same force and effect as if fully set forth at length herein.

69. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

70. At all times relevant herein, Plaintiff was employed by Defendants as a manual worker within the meaning of NYLL 191 (1)(a)(i) who should have been paid no later than weekly – Plaintiff has not been paid his owed wages for working for Defendants in the last three

weeks of his employment.

71. At all times relevant herein, Defendants failed to pay Plaintiff his unpaid wages including his unpaid wages for hours worked during the last three weeks of Plaintiff's employment with Defendants in violation of Article 6 of the NYLL.

72. At all times relevant herein, Defendants, individually and/or jointly, <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate and 1.5 times the applicable minimum wage rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

73. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff at a rate that was at least equal to the applicable New York State minimum wage rate for each hour worked in a week in violation of the New York minimum Wage Act and its implementing regulations. N.Y. Lab. Law§§ 650 et seq.; 12 NYCRR § 142-2.1.

74. At all times relevant herein, Plaintiff worked a spread of hours of more than ten (10) hours each day during the period he was employed by Defendants, but Defendants failed to pay Plaintiff an additional hour of pay for each such day in violation of the New York Minimum Wage Act, New York Labor law § 650 et seq., including 12 NYCRR § 142-2.4.

75. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

76. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this

violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

77. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid overtime wages, non-overtime wages, minimum wages, spread of hours wages, maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

57. Declare Defendants, individually and/or jointly, to be in violation of the plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

78. As to the **First Cause of Action**, award Plaintiff and those similarly situated, who opt-in to this action, their unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

79. As to his **Second Cause of Action**, award Plaintiff and those similarly situated, their unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

58. As to his **Third Cause of Action**, award Plaintiff all outstanding wages, including unpaid non-overtime wages, overtime wages, minimum wages, spread of hours, wage deductions, plus maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, maximum recovery for violations of NYLL 195(1) and NYLL 195(3),

reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing defendants to comply with NYLL 195(1) and NYLL 195(3).

59. Award Plaintiff prejudgement interest on all monies due;

60. Award Plaintiff and all others similarly situated where applicable, any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

61. Award Plaintiff and all others similarly situated, such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
          **March 28, 2018**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF